# In the United States Court of Federal Claims

No. 19-848

Filed: December 15, 2020

|  |  |  |
|---|---|---|
| GEORGE P. BROWN, *et al.*, | ) ) ) | |
| Plaintiff, | ) ) | Taxpayer Signature Requirement; Waiver Doctrine; 26 U.S.C. § 7422; Treas. Reg. § 301.6402-2; 26 U.S.C. § 6061; 26 U.S.C. § 6065; Subject Matter Jurisdiction; RCFC 12(b)(1). |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

*Kathryn Nicole Magan*, Magan Law, PLLC, North Richland Hills, TX, for plaintiff.

*Courtney Metz Hutson*, U.S. Department of Justice, Tax Division, Washington, DC, for defendant.

**OPINION AND ORDER**

*SMITH*, **Senior Judge**

This matter is before the Court on defendant's Motion to Dismiss. Plaintiffs, George P. Brown and Ruth Hunt-Brown, assert a tax refund claim for tax years 2015 and 2017 against defendant, seeking recovery of "federal income tax and interest erroneously paid . . . or erroneously assessed and collected by the Internal Revenue Service" during the course of plaintiffs' employment in Australia, pursuant to the Foreign Earned Income Exclusion under 26 U.S.C. § 911(a). Second Amended Complaint at 1–2, ECF No. 14 [hereinafter 2nd Am. Compl.]. In response, defendant filed a motion to dismiss, arguing that this Court lacks subject matter jurisdiction over plaintiffs' Second Amended Complaint because plaintiffs failed to "verify, under the penalties of perjury, the 2015 and 2017 administrative claims for refund on which they base this suit" and failed to properly authorize a representative to sign on their behalf. Motion of the United States to Dismiss the Complaint with Respect to the 2015 and 2017 Tax Years and Memorandum in Support Thereof at 3, ECF No. 34 [hereinafter Def.'s MTD]. For the reasons set forth below, defendant's Motion to Dismiss is granted.

**I.   Background**

On March 7, 2016 and January 23, 2018, plaintiffs filed their original joint federal income tax returns, Form 1040, with the Internal Revenue Service ("IRS") for the 2015 and 2017 tax years respectively, after signing both returns electronically. *See generally* Def.'s MTD, Ex. 1; Def.'s MTD, Ex. 2. On October 3, 2018, the IRS received plaintiffs' first amended tax return,

Form 1040X, for the 2015 tax year ("2015 First Amended Tax Return"), claiming a refund in the amount of $7,636.00.  Def.'s MTD, Ex. 3 at 1.  The 2015 First Amended Return did not contain the plaintiffs' signatures, but, rather, was signed by plaintiffs' tax-preparer, John Anthony Castro, without the requisite Form 2848 ("power of attorney").  *See generally id*.  That same day, the IRS received plaintiffs' amended tax return, Form 1040X, for the 2017 tax year ("2017 Amended Return"), claiming a refund in the amount of $5,061.00.  Def.'s MTD, Ex. 5 at 1.  Again, the 2017 Amended Tax Return was not signed by plaintiffs, but by Mr. Castro, and was not accompanied with a Form 2848.  *See generally id*.

On November 15, 2018, the IRS issued a Letter 916C, indicating that the IRS could not consider plaintiffs' refund claim for the 2015 tax year because "[their] supporting information was not complete."  Def.'s MTD at 5 (citing 2nd Am. Compl., Ex. D).  That same day, Mr. Castro faxed the IRS a Form 2848, intending to give three individuals—himself, Tiffany Michelle Hunt, and Kasondra Kay Humphreys—the authority to represent plaintiff George Brown before the IRS for the 2014 through 2018 tax years.[1]  Def.'s MTD, Ex. 6 at 1.  The Form 2848 was not signed by plaintiff George Brown but, instead, by Tiffany Michelle Hunt.  *Id*. at 2.  On January 14, 2019, the IRS received plaintiffs' second amended tax return, Form 1040X, for the 2015 tax year ("Second 2015 Amended Tax Return"), claiming a refund in the same amount as initially requested.  Def.'s MTD, Ex. 4 at 1.  Once more, the Second 2015 Amended Tax Return contained Mr. Castro's, not plaintiffs' signatures, and it was not accompanied by a Form 2848.  *See generally id*.  On April 26, 2019, the IRS issued a Letter 569 (DO), proposing to disallow the 2015 and 2017 refunds based on plaintiffs' purported waiver of the Foreign Earned Income Exclusion.  Def.'s MTD, Ex. 7 at 4.  Thereafter, on May 28, 2019, Mr. Castro submitted a Request for Appeals Review, Form 12203, for tax year 2017 on plaintiffs' behalf.[2]  Def.'s MTD, Ex. 8 at 1.

On June 10, 2019, plaintiffs filed their original Complaint with this Court, asserting a tax refund claim for tax year 2015 pursuant to the Foreign Earned Income Exclusion.  *See generally* Complaint, ECF No. 1.  On June 25, 2019, plaintiffs filed their First Amended Complaint, covering the same tax year.  *See generally* First Amended Complaint, ECF No. 6.  On September 5, 2019, plaintiffs filed their Second Amended Complaint, expanding their refund suit to tax years 2016 and 2017.[3]  *See generally* 2nd Am. Compl.  On May 15, 2020, defendant filed its Motion to Dismiss, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), arguing that this Court lacks jurisdiction over plaintiffs' Complaint because plaintiffs failed to "verify, under the penalties of perjury, the 2015 and 2017 administrative claims for refund on which they base this suit" and failed to properly authorize a representative to sign on their behalf.  Def.'s MTD at 3.  On June 12, 2020, plaintiff filed its Response to defendant's

---

[1] The Form 2848 did not purport to apply to plaintiff Ruth Hunt-Brown.  *See generally* Defendant's Motion to Dismiss, Ex. 6, ECF No. 34 [hereinafter Def.'s MTD, Ex. 6].

[2] The Form 12203 did not contain plaintiffs' signatures, but only that of John Anthony Castro.  Def.'s MTD, Ex. 8 at 1.

[3] On August 3, 2020, the parties filed a stipulation of dismissal without prejudice for tax year 2016.  *See generally* Stipulation for Dismissal Without Prejudice with Respect to the Tax Year 2016, ECF No. 40.  Consequently, a tax refund claim for the above tax year is no longer before the Court.

Motion to Dismiss, asserting that the IRS waived the taxpayer signature requirement by fully investigating the merits of plaintiffs' claims. Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss the Complaint at 3–4, ECF No. 35 [hereinafter Pl.'s Resp.]. On June 29, 2020, defendant filed its Reply, contending that the doctrine of waiver is inapplicable to the taxpayer signature requirement and that, even if it were, plaintiffs have not satisfied its requisite elements. Reply in Further Support of the United States' Motion to Dismiss the Complaint with Respect to the 2015 and 2017 Tax Years at 1–2, ECF No. 38 [hereinafter Def.'s Reply]. The Court held oral argument on October 20, 2020. Defendant's Motion to Dismiss is fully briefed and ripe for review.

## II.     Standard of Review

This Court's jurisdictional grant is found primarily in the Tucker Act, which gives this Court the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). Though the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it is "merely a jurisdictional statute and does not create a substantive cause of action" enforceable against the United States for money damages. *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)); *Quimba Software, Inc. v. United States*, 132 Fed. Cl. 676, 680 (2017) (citing the same). Instead, "a plaintiff must identify a separate source of substantive law that creates the right to money damages," such as a money-mandating constitutional provision. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)); *Loveladies Harbor. Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

Jurisdiction is a threshold issue that "must be resolved before the Court can take action on the merits." *Remote Diagnostic Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). When a "motion to dismiss 'challenges the truth of the jurisdictional facts,'" this Court "'may consider relevant evidence in order to resolve the factual dispute'" and may make factual findings that are decisive of the jurisdictional issue. *Freeman v. United States*, 875 F.3d 623, 627 (Fed. Cir. 2017) (quoting *Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014)); *Hedman v. United States*, 15 Cl. Ct. 304, 306 (1988). When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court will treat factual allegations in the complaint as true and will construe those allegations in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Oakland Steel Corp. v. United States*, 33 Fed. Cl. 611, 613 (1995) (citing *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988)). However, the plaintiff must still establish that this Court has jurisdiction over its claims by a preponderance of the evidence. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III.     Discussion

#### A.     Jurisdictional Prerequisites to Bring a Tax Refund Claim

In order for this Court to have jurisdiction over a tax refund claim, 26 U.S.C. § 7422(a) requires that it first be "duly filed" in accordance with the following Treasury Regulation:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a); *see, e.g.*, *Waltner v. Unites States,* 679 F.3d 1329, 1333 (Fed. Cir. 2012) ("[W]hether this Court has jurisdiction over . . . refund claims depends on whether the taxpayers' submissions to the IRS constitute a claim for refund. While a tax return can itself constitute an administrative claim for refund, the tax return must first satisfy various Treasury Regulations."). To be "duly filed," a claim, in relevant part

> must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. ***The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury.*** A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

Treas. Reg. § 301.6402-2(b)(1) (emphasis added). The taxpayer signature requirement emphasized above may be excepted "when a legal representative certifies the claim and attaches evidence of a valid power of attorney." *Gregory v. United States*, 149 Fed. Cl. 719, 723 (2020) (citing Treas. Reg. § 301.6402-2(e)) ("A claim may be executed by an agent of the person assessed, but in such case a power of attorney must accompany the claim.").

In this case, plaintiffs failed to sign the amended returns upon which they base this suit, as required by Treasury Regulation § 301.6402-2(b)(1).[4] *See generally* Def.'s MTD, Ex. 4; Ex. 5. Moreover, plaintiffs' amended returns were not accompanied by a power of attorney, demonstrating that Mr. Castro had the authority to sign on plaintiffs' behalf and as required by Treasury Regulation § 301.6402-2(e). Instead, Mr. Castro later submitted an improperly executed power of attorney but failed to include plaintiffs' signatures within that document. Def.'s MTD, Ex. 6 at 1. Based on the above, defendant argues that plaintiffs' claims were not "duly filed" within the meaning of 26 U.S.C. § 7422(a), and that, as such, this Court lacks jurisdiction over plaintiffs' Second Amended Complaint. Def.'s MTD at 14. In response, plaintiffs concede that they failed to comply with the taxpayer signature requirement but contend that the IRS waived that requirement when it investigated the merits of the amended returns. Pl.'s Resp. at 3–4, 9. In its Reply, defendant asserts that the doctrine of waiver is inapplicable to

---

[4]     Plaintiffs' suit is based on the 2017 Amended Return and the Second 2015 Amended Return. Second Amended Complaint at 8–9, ECF No. 14.

the taxpayer signature requirement and that, even if it did apply, the elements of waiver have not been met.  Def.'s Reply at 1–2.

### B. The Doctrine of Waiver and the Taxpayer Signature Requirement

Under the doctrine of waiver, the IRS may waive compliance with its regulatory requirements by "investigat[ing] the merits of a claim and tak[ing] action upon it."  *Angelus Milling Co. v. Comm'r*, 325 U.S. 293, 297 (1945).  Notably, the Supreme Court explicitly differentiated between regulatory and statutory requirements, holding that the waiver doctrine only applies to regulatory requirements and not statutory requirements.  *Id*. at 296 ("Insofar as Congress has made explicit statutory requirements, they must be observed and are beyond the dispensing power of Treasury officials.").  The Supreme Court expanded on the purpose behind this distinction, stating the following regarding regulatory requirements:

> Congress has given the Treasury this rule-making power for self-protection and not for self-imprisonment.  If the Commissioner chooses not to stand on his own formal or detailed requirements, it would be making an empty abstraction, and not a practical safeguard, of a regulation to allow the Commissioner to invoke technical objections after he has investigated the merits of a claim and taken action upon it.

*Id*. at 297.  Nevertheless, where the doctrine applies, the following three requirements must be met: (1) the IRS must have "investigated the merits of [the refund] claim," (2) the IRS must have "taken action upon" the refund claim, and (3) the IRS' determination to "dispense with" the formal regulatory requirements and "to examine the merits of the claim" must be "unmistakable."  *Gregory*, 149 Fed. Cl. at 723 (citing *Angelus Milling Co.*, 325 U.S. at 297*)*.

Although the taxpayer signature requirement is outlined in the Treasury Regulations, it is also addressed in two statutes that require the Court's attention.  Under 26 U.S.C. § 6061, "any *return*, statement, or other document required to be made under any provision of the internal revenue laws or regulations *shall be signed in accordance with forms or regulations prescribed by the Secretary*."  (emphasis added).  Under 26 U.S.C. § 6065, "*[e]xcept as otherwise provided by the Secretary, any return*, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations *shall contain or be verified by a written declaration that it is made under the penalties of perjury*."  (emphasis added).

In its Response, despite the above referenced statutes, plaintiffs maintain that the taxpayer signature requirement can be waived because it is a regulatory requirement outlined in the Treasury Regulations.[5]  Pl.'s Resp. at 7.  Specifically, plaintiffs allege that 26 U.S.C. § 6061

---

[5]  In their briefs, plaintiffs cite to *Angelus Milling Co. v. Comm'r* and *Goulding v. United States* in support of their waiver argument.  *See generally Angelus Milling Co. v. Comm'r*, 325 U.S. 293 (1945); *Goulding v. United States*, 1929 F.2d 329 (7th Cir. 1991).  During oral argument, plaintiffs additionally cited to *Blue v. United States*, *Martti v. United States*, and *Clark v. United States*.  *See generally Blue v. United States*, 108 Fed. Cl. 61 (2012); *Martti v. United States*, 121 Fed. Cl. 87 (2015); *Clark v. United States*, 149 Fed. Cl. 409 (2020).  The Court finds

- 5 -

and § 6065 do not create a statutory *taxpayer* signature requirement because "Congress does not mandate the signature of the *taxpayer*." *Id*. Accordingly, plaintiffs posit that the "requirement that the taxpayer . . . personally signs his returns, and if they are signed by an *agent*, then a power of attorney must accompany the return" is a creation of the Secretary in Treasury Regulation § 301.6402-2(b)(1) and (e), and therefore can be waived. *Id*. In its Reply, defendant counters that 26 U.S.C. § 6061 and § 6065 plainly "create a default rule that refund claims . .. must be signed by the *taxpayer* under the penalties of perjury" and that "[t]he Secretary can [only] relax the default rule by regulation[,] as in Treas. Reg § 301.6402-2(e)," which "allows a refund claim to be signed on a taxpayer's behalf by the taxpayer's agent if it is accompanied by a valid power of attorney." Def.'s Reply at 5 (emphasis added). Moreover, defendant maintains that "the [taxpayer signature] requirement is statutory in the critical sense that, absent regulatory modification, the default rule applies—the taxpayer himself or herself must sign under penalties of perjury." *Id*. at 6. Although the Court sympathizes with plaintiffs' financial hardships, after careful review of the parties' arguments, relevant statutes, and case precedent, the Court finds that the taxpayer signature requirement is statutory and, therefore, cannot be waived.

In *Turks Head Club v. Broderick*, the United States Court of Appeals for the First Circuit ("First Circuit") was faced with the issues presently before the Court. *See generally Turks Head Club v. Broderick*, 166 F.2d 877 (1st Cir. 1948). In that case, a private club sought tax refunds on behalf of its members but did not accompany the refund claims with a power of attorney. *Id*. at 881. Like the plaintiffs in this case, the Club argued that the IRS waived the taxpayer signature requirement because the IRS issued final disallowances on the claims, relying on the Supreme Court's decision in *Angelus Milling*. *Id*. at 882. Ultimately, the First Circuit rejected the club's argument, holding that the taxpayer signature requirement could not be waived. *Id*. (citing *Angelus Milling Co.*, 325 U.S. at 296) ("Candor does not permit one to say that the power of the Commissioner to waive defects in claims for refund is a subject made crystal-clear by the authorities. The Commissioner may effectively waive certain requirements of his regulations as to the form and content of claims for refund."). Similarly, in *Oplin v. C.I.R.*, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") addressed the taxpayer signature requirement and the applicability of the doctrine of waiver when a married couple failed to include a spouse's signature on a joint refund claim. *Oplin v. C.I.R.,* 270 F.3d 1297, 1299–1300 (10th Cir. 2001). Utilizing 26 U.S.C. § 6061 and § 6065, the Tenth Circuit held that the taxpayer signature requirement is statutory and therefore could not be waived, stating that "[t]he Code clearly states that, in order to be valid, a tax return must be signed. ***The duty to sign a tax return is on the taxpayer***." *Id*. at 1300 (emphasis added) (citations omitted).

Moreover, this Court recently addressed the taxpayer signature requirement and the doctrine of waiver in two seminal cases.[6] In *Dixon v. United States*, the Court determined that "26 U.S.C. §§ 6011, 6061, 6065, 6402 and 7422 . . . ***require the taxpayer personally to sign***

---

all of plaintiffs' citations unpersuasive as the taxpayer signature requirement and the applicability of the doctrine of waiver was not before the Court in any of the above cases.

[6]   In addition to the case at bar, Mr. Castro was the tax preparer in *Dixon v. United States* and in *Gregory v. United States*. *See generally Dixon v. United States*, 147 Fed. Cl. 469 (2020); *Gregory v. United States*, 149 Fed. Cl. 719 (2020).

*every return* or other document required to be filed with the IRS, unless a regulation allows otherwise." *Dixon v. United States*, 147 Fed. Cl. 469, 476 (2020) (emphasis added) (citations omitted). Based on that finding, the Court held that the taxpayer signature requirement could not be waived. *Id.* at 477 (citing *Angelus Milling Co.*, 325 U.S. at 296) ("Insofar as Congress has made explicit statutory requirements, they must be observed and are beyond the dispensing power of Treasury officials."). Similarly, in *Gregory v. United States*, applying the statutory framework outlined in *Dixon*, the Court held that "[t]he taxpayer signature requirement is statutory in nature and thus the waiver doctrine is inapplicable." *Gregory*, 149 Fed. Cl. at 724 (citing 26 U.S.C. §§ 6061, 6065; *Angelus Milling*, 325 U.S. at 296).

Upon careful review of the above referenced statutes and case precedent, the Court finds that the taxpayer signature requirement is statutory and, therefore, cannot be waived. Accordingly, the Court need not address the arguments related to whether the elements of waiver have been met. Additionally, while not dispositive, it is important to note that to rule otherwise would be inconsistent with the tax code's purpose as the "IRS's requirement that taxpayers sign under penalties of perjury enables the IRS 'to enforce directly against a rogue taxpayer.'" *Id.* (citing *Dixon*, 147 Fed. Cl. at 476 n.5) (citations omitted); *See also Borgeson v. U.S.*, 757 F.2d 1071, (10th Cir. 1985) ("The perjury charge based on a false return has been deemed 'one of the principal sanctions available to assure that honest returns are filed.'" (internal citations omitted)). Consequently, the Court finds that plaintiffs' amended returns cannot constitute a "duly filed" refund claim under 26 U.S.C. § 7422(a), and as a result, the Court lacks jurisdiction over plaintiffs' Second Amended Complaint.

### IV.  Conclusion

For the reasons set forth above, defendant's Motion to Dismiss is hereby **GRANTED.** Accordingly, plaintiff's claims are hereby **DISMISSED** for lack of subject-matter jurisdiction. The Clerk is directed to enter judgment in favor of defendant, consistent with this Opinion and Order.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge